

FILED
SUPERIOR COURT
OF GUAM

2013 NOV -7 PM 3: 04

CLERK OF COURT

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH C. CONNELLEY, <br><br>              Plaintiff, <br><br>    v. <br><br> CARMELITA O. CONNELLEY, <br><br>              Defendant. | CASE NO. DM 0496-06 <br><br> **DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 11th day of September, 2013, for a hearing on the issue of Defendant's request for declaratory relief regarding her entitlement to a portion of Plaintiff's Government of Guam retirement benefits. Attorney Daniel Somerfleck represented Plaintiff and Attorney William D. Pesch represented Defendant. For the reasons set forth below, Defendant is entitled to her share of Plaintiff's Government of Guam retirement benefits upon his retirement.

### DISCUSSION

Plaintiff and Defendant wed on August 5, 1995. Plaintiff filed a Complaint for Divorce on July 19, 2006. On June 26, 2009, this Court issued Interlocutory and Final Decrees of Divorce ("Divorce Decree") as well as a Stipulated Order Dividing Community Property and Assets ("Community Property Order"), with the latter stipulated *nunc pro tunc* to December 21,

2007. Pursuant to the Divorce Decree, this Court retained continuing jurisdiction over all outstanding and unresolved issues pertaining to, *inter alia*, property and asset distribution.

Plaintiff served as a teacher for the Government of Guam Public School System for about eleven years; the parties were married for about nine and a half of those years. Plaintiff made contributions to a retirement benefit plan in connection with his employment. This Court previously concluded that, pursuant to 19 GCA §§ 6101(c) and (g) and 4 GCA § 8166, Plaintiff's retirement fund is community property and Defendant is entitled to a percentage, not to exceed fifty percent, of the retirement benefits earned by Plaintiff while in the service of the Government of Guam. The Community Property Order set aside for separate argument the extent of Defendant's interest in Plaintiff's Government of Guam retirement fund. The issues remaining for determination are Defendant's share of the pension benefits and the time of distribution.

Defendant moved for declaratory judgment to clarify the division of Plaintiff's Government of Guam retirement benefits. 7 G.C.A. § 26801; see also Hart v. Hart, 2008 Guam 11, ¶¶ 11-14 (Superior Courts of Guam are empowered to provide declaratory relief to clarify divorce decrees). Defendant contends that she should immediately be awarded fifty percent of all contributions Plaintiff made to the retirement from their marriage, on August 5, 1995, until their separation in July 2006. During this period, Plaintiff's contributions totaled $26,452.59; Defendant accordingly seeks $13,226.30. Plaintiff argues that Defendant is not entitled to her percentage of the fund until he retires, and that to hold otherwise would harm the retirement fund.

The parties espouse, albeit without specific reference, the two basic methods for distributing pension benefits upon marriage dissolution. See Pulliam v. Pulliam, 1990 OK 71,

796 P.2d 623 (discussing both methods and collecting cases). The present value method, favored by Defendant, requires Plaintiff to pay Defendant immediately and eliminates the necessity of future contact between the parties on the issue. The deferred distribution method, on the other hand, requires Plaintiff to disburse Defendant's share only once he becomes eligible for retirement benefits. The present value method could work a hardship on Plaintiff if he lacks liquid assets or incurs penalties by withdrawing from the retirement fund, while the deferred distribution method lacks finality.

The nature of retirement funds supports adoption of the deferred distribution method; that is, retirement fund contributions are pooled, restricted from immediate expenditure, and accrue interest over time for retirement availability. Insofar as this eventual right to retirement benefits derives from employment before separation, it represents a community asset or property interest available to both spouses. Lehman v. Lehman, 18 Cal.4th 169, 183 (1998). Once a spouse accrues a right to retirement benefits, the retirement benefits "are stamped a community asset from then on." Id. at 183. The parties are entitled to those benefits only when the benefits reach maturation. See id. An early distribution of Defendant's share of Plaintiff's retirement benefits would harm Plaintiff's fund and produce a result that fails to reflect Defendant's share of accrued pension benefits attributable to the marriage. See Tucker v. Tucker, 103 So. 3d 493, 495 (La. App. 2 Cir. 2012), writ denied, 100 So. 3d 844 (2012) ("To assign a present valuation to an unmatured pension benefit would be speculative.")

It must also be noted that the parties already stipulated to a deferred distribution arrangement with respect to Plaintiff's military pension benefits. Therefore, this Court concludes that Defendant is entitled to her share of Plaintiff's Government of Guam retirement benefits once he retires. Effective upon Plaintiff's retirement and continuing for so long as both

parties shall live, Defendant shall receive fifty percent of Plaintiff's benefit times a fraction, the numerator of which is the number of months of retirement fund contributions from the parties' date of marriage, August 5, 1995,[1] up to and including the parties' month of separation, July 2006, and the denominator of which is the total number of months of retirement fund contributions. Plaintiff has a duty to exercise control of the retirement fund in good faith. See Tucker v. Tucker, 103 So. 3d at 496.

## CONCLUSION

For the reasons set forth above, Defendant is entitled to her share of Plaintiff's Government of Guam retirement fund upon his retirement.

**IT IS SO ORDERED** this day of ___NOV 0 7 2013___.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

NOV 0 7 2013

Deputy Clerk, Superior Court of Guam

---

[1] According to the Summary of Contributions received by this Court on October 23, 2009, the first month of the parties' marriage in which Plaintiff made a retirement fund contribution was September, 1995.